F I L E D
Clerk
District Court

JUL 2 6 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Thomas E. Clifford
Attorney at Law
2nd Floor, Alexander Building, San Jose
P.O. Box 506514
Saipan, MP 96950
Tel. (670)235-8846
Fax (670)235-8848

Attorney for Defendants DFS Saipan, Ltd. and Akino Afin

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JULIE DEGAYO, <br><br> Plaintiff, <br><br> v. <br><br> COMMONWEALTH PORTS AUTHORITY, DFS SAIPAN, Ltd. AND AKINO AFIN, <br><br> Defendants. | Civil Action No. 05-0018 <br><br><br> DEFENDANTS DFS SAIPAN, Ltd. AND AKINO AFIN'S ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT |

## ANSWER

Defendants DFS Saipan, Ltd. ("DFS") and Akino Afin ("Mr. Afin;" and the two defendants collectively "Defendants") state as follows in answer to Plaintiff's First Amended Complaint:

1. Defendants deny the averment in Paragraph 1 that there is more than $75,000 at issue in this case. Defendants are without information sufficient to plead to the truth or falsity of the other averments in Paragraph 1, and on that basis, deny same.

2. Defendants admit the averments in Paragraph 2, except that Defendants deny venue is proper in this Court if this Court does not have jurisdiction over this matter.

3. Defendants are without information sufficient to plead to the truth or falsity of the averments in Paragraph 3, and on that basis, deny same.

4. Defendants admit the averments in Paragraph 4, except that Defendants deny any averment in Paragraph 4 that Defendant Commonwealth Ports Authority ("CPA") is "responsible" and thus liable for any accident at the airport regardless of the circumstances.

5. Defendants admit the averments in Paragraph 5.

6. Defendants deny the averments in Paragraph 6, except that Defendants admit Mr. Afin was acting in the course and scope of his employment.

7. Defendants admit the averments in Paragraph 7, except that Defendants are without information sufficient to plead to the truth or falsity of the averments in Paragraph 7 regarding the date of the alleged accident and any instructions or other statements from CPA personnel, and on that basis, Defendants deny those averments.

8. Defendants admit the averments in Paragraph 8, except that Defendants are without information sufficient to plead to the truth or falsity of the averment in Paragraph 8 regarding the amount of time that Ms. Degayo waited at the airport, and on that basis, Defendants deny that averment.

9. Defendants deny the averments in Paragraph 9.

10. Defendants deny the averments in Paragraph 10, except that Mr. Afin admits he saw no warnings on the floor.

11. Defendants deny the averments in Paragraph 11.

12. Defendants admit the averments in Paragraph 12, except that Defendants deny Ms.

Degayo was assisted to the security office.

13. Defendants are without information sufficient to plead to the truth or falsity of the averments in Paragraph 13, and on that basis, deny same.

14. Defendants are without information sufficient to plead to the truth or falsity of the averments in Paragraph 14, and on that basis, deny same.

15. Defendants are without information sufficient to plead to the truth or falsity of the averments in Paragraph 15, and on that basis, deny same.

16. In answer to Paragraph 16, Defendants incorporate herein as if set forth in full their answers to the previous Paragraphs of the Complaint.

17. Defendants admit the averments in Paragraph 17.

18. Defendants deny the averments in Paragraph 18.

19. Defendants deny the averments in Paragraph 19.

20. Defendants deny the averments in Paragraph 20.

21. In answer to Paragraph 21, Defendants incorporate herein as if set forth in full their answers to the previous Paragraphs of the Complaint.

22. Defendants admit the averments in Paragraph 22 relating to "scope of his employment," except that Defendants are without information sufficient to form a belief as to what Plaintiff means by the term "leading," and on that basis, Defendants deny any averments relating to the term "leading."

23. Defendants deny the averments in Paragraph 23.

24. Defendants deny the averments in Paragraph 24.

25. Defendants deny the averments in Paragraph 25.

26. Defendants deny the averments in Paragraph 26.

27. Defendants deny the averments in Paragraph 27, as written.

28. Defendants deny that Plaintiff is entitled to any of the relief sought in the Complaint.

## DEFENSES

1. Plaintiff assumed the risk in that she failed to exercise due care.

2. Open and obvious condition. The alleged dangerous condition was open and obvious, thus barring any claim that any warning was legally required or appropriate.

3. Last clear chance. Plaintiff had the last clear chance to avoid the accident by paying attention, listening to what Mr. Afin was saying and/or asking for clarification if necessary, looking around her as she walked and exercising due care and personal responsibility.

4. Actual knowledge. Plaintiff's claim is barred because she had actual knowledge of the alleged danger in that Mr. Afin expressly warned her of the condition of the floor.

5. Comparative Negligence. Plaintiff's claim is barred or reduced by comparative negligence under the facts in this case.

6. Defendants reserve the right to add additional defenses as the case proceeds.

Respectfully submitted this 26th day of July, 2005:

_____
THOMAS E. CLIFFORD
Counsel for Defendants
DFS Saipan, Ltd. and Akino Afin

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of July, 2005, I served or caused to be served a copy of the foregoing pleading via hand delivery on the offices of Plaintiff's counsel, David G. Banes, Esq. of O'Connor, Berman, Dotts & Banes.

_____